UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMEL MONROE,

                                            Plaintiff,

v.                                                          9:05-CV-1590
                                                            (FJS/GHL)

STEVEN CRITELLI, Correctional Officer, Mid-State C.F.;
BRIAN LOCKWOOD, Correctional Officer, Mid-State C.F.;
THERESA VIRKLER, IGP Supervisor, Mid-State C.F.; and
JANE DOE, Mail Room Clerk, Mid-State C.F.,

                                            Defendants.
_____

APPEARANCES:                                OF COUNSEL:

JAMEL MONROE c/o Derrick James
    Plaintiff, *Pro Se*
268 Beach 17th Street
Far Rockaway, NY  11691

HON. ANDREW M. CUOMO                        SENTA B. SIUDA
Attorney General of the State of New York   Assistant Attorney General
615 Erie Boulevard West, Suite 102
Syracuse, NY  13204-2455

GEORGE H. LOWE, United States Magistrate Judge

## **REPORT-RECOMMENDATION**

        This prisoner civil rights action, commenced *pro se* by Jamel Monroe ("Plaintiff")

pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the

Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. §

636(b) and Local Rule 72.3(c).  Generally, Plaintiff alleges that four employees of the New York

State Department of Correctional Services ("DOCS") at Mid-State Correctional Facility ("Mid-

State C.F.")–namely, Correctional Officer ("C.O.") Steven Critelli, C.O. Brian Lockwood, Inmate

Grievance Program ("IGP") Supervisor Theresa Virkler, and Mail Room Clerk Jane Doe

("Defendants")–violated Plaintiff's rights under unidentified constitutional amendments

(presumably, the First, Fourth, Eighth and/or Fourteenth Amendments) when they harassed him,

stole his mail, and/or retaliated against him for his having filed grievances against correctional

officers.  (*See generally* Dkt. No. 1 [Plf.'s Compl.].)  Currently before the Court is Plaintiff's

motion for summary judgment (Dkt. No. 27), and Defendants' cross-motion for summary

judgment (Dkt. No. 32).  For the reasons set forth below, I recommend that the Court deny

Plaintiff's motion, and grant Defendants' motion.

## I.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I recommend that Plaintiff's motion be denied on three alternative grounds.

First, as argued by Defendants, Plaintiff's Statement of Material Facts does not contain

specific citations to the record where the facts asserted are established.  (*See generally* Dkt. No.

27, Part 1, at 17-19, ¶¶ 1-11 [Plf.'s Rule 7.1 Statement].)  Such record citations are required by

Local Rule 7.1(a)(3) of the Local Rules of Practice.[1]  Local Rule 7.1(a)(3) further provides that

"[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts

shall result in a denial of the motion."  N.D.N.Y. L.R. 7.1(a)(3) [emphasis in original].[2]  A

district court has no duty, on a motion for summary judgment, to perform an independent review

---

[1]    *See* N.D.N.Y. L.R.7.1(a)(3) ("Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established.").

[2]    I note that the Clerk of Court for the Northern District of New York has provided to all correctional facilities in New York State copies of the Northern District's *Pro Se* Manual and Local Rules of Practice.

of the record to find proof of either a factual dispute or the lack of a factual dispute,[3] even if that non-movant is proceeding *pro se*.[4]  Given the congested nature of the Court's docket, and the often-conclusory nature of Plaintiff's Complaint and motion papers, I decline to perform such an independent review, and I recommend that the Court decline to do so as well.

Second, the legal argument asserted in Plaintiff's memorandum of law is without merit. Specifically, in his memorandum of law, Plaintiff takes Defendants' responses to 14 of his 15 Requests for Admission (i.e., except their response to Request for Admission Number 5), and argues that those responses are so clearly false (in light of the so-called "Declaration" and "evidence" provided by Plaintiff) that the Court should deem those responses "admitted."  (*See generally* Dkt. No. 27, Part 1, at 1-9 [Plf.'s Memo. of Law].)  As an initial matter, the proper mechanism for challenging a party's response to one's Requests for Admissions under Fed. R. Civ. P. 36 is a motion to determine the sufficiency of Defendants' answers or objections, not a motion for summary judgment.[5]  Even if I were to liberally construe Plaintiff's instant motion as

---

[3]     *See Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) ("We agree with those circuits that have held that Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute.") [citations omitted]; *accord*, *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[4]     *See Lee v. Alfonso*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, C.J.) (granting motion for summary judgment against *pro se* plaintiff after refusing to conduct independent review of record to find proof of factual dispute), *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004) (unpublished decision); *accord*, *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.), *aff'd*, No. 06-1157, 2007 U.S. App. LEXIS 22813 (2d Cir. Sept. 19, 2007); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. Oct. 29, 2003) (Sharpe, M.J.).

[5]     *See* Fed. R. Civ. P. 36(a) ("The party who has requested the admissions may move to determine the sufficiency of the answers or objections.  Unless the court determines that the objection is justified, it shall order that an answer be served.  If the court determines that an

such a motion, I would not find that Plaintiff has shown cause for an Order finding that Defendants' responses are so improper as to convert them into "admissions."[6]  In any event, Plaintiff has skipped the rather crucial step of persuading the Court that any such admissions warrant the issuance of a judgment by the Court that Plaintiff has established, as a matter of law, the elements of one or more of his constitutional claims against Defendants.

Third, based on a general review of the record, I am confident that, even if I were to perform an independent review of the record, I would not find evidence establishing a set of undisputed facts warranting the award of judgment as a matter of law to Plaintiff.  Plaintiff's so-called "Declaration" in support of his motion for summary judgment presents six paragraphs of assertions that are argumentative in nature, lacking in sufficient specificity, and/or not clearly based on personal knowledge.  (*See generally* Dkt. No. 27, Part 1, ¶¶ 1-6 [Plf.'s Decl.].)  Of course, a declaration or affidavit may not contain legal arguments.  N.D.N.Y. L.R. 7.1(a)(2).  Nor may a declaration or affidavit contain general, vague or conclusory assertions.[7]  Nor may a

---

answer does not comply with the requirements of this rule, it may order either that the matter is admitted or that an amended answer be served.").

[6]     By and large, Plaintiff's challenge to Defendants' responses is argumentative in nature.  For example, he complains that Defendants did not admit the legal conclusions asserted by Plaintiff, he is incredulous at a defendant's lack of memory on a subject, or he disagrees with the way that Defendants interpret various documents.  (*See generally* Dkt. No. 27, Part 2 [Defs.' Responses to Plf.'s Requests for Admission].)  The sole exception is with regard to Defendants' Response to Plaintiff's Requests for Admission Numbers 3 and 11, which Defendants apparently did not answer.  However, I find that these two requests either partially request a legal conclusion or are of minimal probative value.

[7]     *See Applegate v. Top Assoc.*, 425 F.2d 92, 97 (2d Cir. 1970) (stating that the purpose of Rule 56[e] is to "prevent the exchange of affidavits on a motion for summary judgment from degenerating into mere elaboration of conclusory pleadings," and finding that "[the plaintiff] has provided the court [through his affidavit] with the characters and plot line for a novel of intrigue rather than the concrete particulars which would entitle him to a trial."); *Meiri*

declaration or affidavit contain assertions that are not made on personal knowledge.[8]

Furthermore, the 17 exhibits to Plaintiff's memorandum of law consist of Plaintiff's grievance

complaints, administrative decisions denying his grievance complaints, an index of his grievance

complaints, an Inmate Misbehavior Report, a returned piece of mail, a letter to the Unites States

Postal Service, a Mid-State C.F. Memorandum regarding Plaintiff's complaint of lost mail, a log

of certain packages sent to Plaintiff, Defendants' responses to five of Plaintiff's interrogatories, a

copy of two DOCS Directives, a copy of a United States statute, and a letter from Plaintiff to an

attorney seeking representation.  (*See generally* Dkt. No. 27, Part 2, Exs. 1–17 [Exhibits to Plf.'s

Mem. of Law].)  Simply stated, I am extremely doubtful that any amount of special solicitude

could transform these exhibits into evidence establishing a set of undisputed facts warranting the

award of judgment as a matter of law to Plaintiff.[9]

---

*v. Dacon*, 759 F.2d 989, 997 (2d Cir. 1985) (plaintiff's allegation that she "heard disparaging remarks about Jews, but, of course, don't ask me to pinpoint people, times or places. . . .  It's all around us" was conclusory and thus insufficient to satisfy the requirements of Rule 56[e]), *cert. denied*, 474 U.S. 829 (1985); *cf. Bickerstaff v. Vassar Oil*, 196 F.3d 435, 452 (2d Cir. 1998) (McAvoy, C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.") [citations omitted]; *West-Fair Elec. Contractors v. Aetna Cas. & Sur.*, 78 F.3d 61, 63 (2d Cir. 1996) (rejecting affidavit's conclusory statements that, in essence, asserted merely that there was a dispute between the parties over the amount owed to the plaintiff under a contract); *Patterson*, 375 F.3d at 219 (2d. Cir. 2004) ("Nor is a genuine issue created merely by the presentation of assertions [in an affidavit] that are conclusory.") [citations omitted].

[8]      Fed. R. Civ. P. 56(c) ("Supporting . . . affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.").

[9]      I note, incidentally, that Plaintiff's entitlement to the full measure of special solicitude ordinarily afforded to *pro se* civil rights litigants is extremely questionable.  Plaintiff is no stranger to the courts, having filed six other prisoner civil rights actions in this Court alone. *See Monroe v. Drown*, 97-CV-0314 (N.D.N.Y.) (prisoner civil rights); *Monroe v. Spitzer*, 06-

For each of these three alternative reasons, I recommend that the Court deny Plaintiff's motion for summary judgment, and proceed to the merits of Defendants' cross-motion for summary judgment.

## II.   DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT

### I.   First Ground for Dismissal of Plaintiff's Complaint: Facial Merit of Defendants' Unopposed Cross-Motion for Summary Judgment

Defendants filed their cross-motion for summary judgment on May 21, 2007. (Dkt. No. 32.) Despite having been granted a 30-day extension of time by which to respond to Defendants' cross-motion (until July 2, 2007), Plaintiff has failed to do so.

When a plaintiff has failed to respond to a defendant's motion for summary judgment, "[t]he fact that there has been no [such] response . . . does not . . . [by itself] mean that the motion is to be granted automatically."[10] Rather, practically speaking, the Court must (1) determine what material facts, if any, are *disputed* in the record presented on the defendants' motion, and (2) assure itself that, based on those *undisputed* material facts, the law indeed warrants judgment for the defendants.[11] However, the plaintiff's failure to respond to the

_____

CV-1028 (N.D.N.Y.) (prisoner civil rights); *Monroe v. Mullen*, 06-CV-0144 (N.D.N.Y.) (prisoner civil rights); *Monroe v. Janes*, 06-CV-0859 (N.D.N.Y.) (prisoner civil rights); *Monroe v. Walrath*, 06-CV-0976 (N.D.N.Y.) (prisoner civil rights); *Monroe v. Perlman*, 06-CV-1133 (N.D.N.Y.) (prisoner civil rights). In addition, Plaintiff has filed at least one state court action regarding the conditions of his imprisonment. *See Monroe v. New York*, UID 2006-009-072, Claim No. 108836 (N.Y. Ct. Cl.) (Hon. Nicholas V. Midey, Jr.).

[10]      *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

[11]      *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("Such a motion may properly be granted only if the facts as to which there is no genuine dispute show that . . . the moving party is entitled to a judgment as a matter of law.") [internal quotation marks and citation omitted]; *Allen v. Comprehensive Analytical Group, Inc.*, 140 F. Supp.2d 229, 232 (N.D.N.Y. 2001) (Scullin, C.J.) (stating that, where a plaintiff has failed to respond to a defendant's motion

defendant's motion for summary judgment lightens the defendant's burden on the motion.

More specifically, where a plaintiff has failed to respond to a defendant's statement of material fact contained in its Statement of Material Facts (a/k/a its "Rule 7.1 Statement"), the facts as set forth in that Rule 7.1 Statement will be accepted as true[12] to the extent that (1) those facts are supported by the evidence in the record,[13] and (2) the non-moving party, if he is

for summary judgment, "[t]he Court must review the merits of Plaintiff's claims"). This requirement (that the Court determine, as a threshold matter, that the movant's motion has merit) is also recognized by Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court, which provides that "the non-moving party's failure to file or serve . . . [opposition] papers . . . shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown," *only where the motion has been "properly filed" and "the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein."* N.D.N.Y. L.R. 7.1(b)(3) [emphasis added].

[12]    *See* N.D.N.Y. L.R. 7.1(a)(3) ("Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party.") [emphasis in original].

[13]    *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 243 (2d Cir. 2004) ("[W]here the non-movant party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. . . . If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented. . . . [I]n determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 Statement. It must be satisfied that the citation to evidence in the record supports the assertion.") [internal quotation marks and citations omitted]; *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) ("In this case, [the plaintiff] did not file a statement of undisputed facts in compliance with Local Rule 7.1(a)(3). Consequently, the court will accept the *properly supported* facts contained in the defendants' 7.1 statement.") [emphasis added]; *Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., Inc.*, 00-CV-1619, 2002 U.S. Dist. LEXIS 4386, at *2-3 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) ("Local Rule 7.1 requires a party opposing summary judgment to respond to the statement of undisputed material facts submitted by the movant. To the extent such facts are not controverted, *the properly supported facts* will be taken as true.") [emphasis added; citation omitted]; *cf.* Fed. R. Civ. P. 83(a)(1) ("A local rule shall be consistent with . . . Acts of Congress and rules adopted

proceeding *pro se*, has been specifically advised of the potential consequences of failing to respond to the movant's motion for summary judgment.[14]

Here, in support of their cross-motion, Defendants provide a Statement of Material Facts containing 16 assertions of fact, each of which is supported by an accurate record citation.  (*See generally* Dkt. No. 32, Part 11 [Defs.' Rule 7.1 Statement].)  Furthermore, in their cross-motion, Defendants specifically notified Plaintiff of the potential consequences of failing to respond to their cross-motion.  (*See generally* Dkt. No. 32, Part 1 [Defs.' Notice to Plf.].)  Clearly, Plaintiff read and understood this notice since he subsequently requested (and received) a 30-day extension of time in which to respond to Defendants' cross-motion, until July 2, 2007.  (Dkt. No. 33.)[15]  Despite this extension, Plaintiff has failed to respond to Defendants' cross-motion. Therefore, Plaintiff has effectively *admitted* each of the factual assertions contained in Defendants' Rule 7.1 Statement.

Furthermore, where a plaintiff has failed to respond to a defendant's properly filed and facially meritorious memorandum of law (submitted in support of its motion for summary judgment), the plaintiff is deemed to have "consented" to the legal arguments contained in that

---

under 28 U.S.C. §§ 2072 and 2075 [which include the Federal Rules of Civil Procedure] . . . ."); Fed. R. Civ. P. 56(e) (requiring that, "if the non-movant does not . . . respond [to a summary judgment motion], summary judgment, *if appropriate*, shall be entered against the non-movant," and requiring that, as a threshold matter, the motion for summary judgment must be "made *and supported* as provided in this rule") [emphasis added].

[14]      *See Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *cf*. N.D.N.Y. L.R. 56.2 (imposing on movant duty to provide such notice to *pro se* opponent).

[15]      In addition, I note that, before Defendants gave this notice to Plaintiff on May 21, 2007, Plaintiff received a similar notice from the defendants in another of his several prisoner civil rights actions.  *See Monroe v. Janes*, 06-CV-0859 (N.D.N.Y.) (cross-motion for summary judgment filed by defendants on 4/4/07).

8

memorandum of law under Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court.[16]

Stated another way, where a defendant has properly filed a memorandum of law (in support of a

properly filed motion for summary judgment), and the plaintiff has failed to respond to that

memorandum of law, the only remaining issue is whether the legal arguments advanced in the

defendant's memorandum of law are *facially meritorious*.[17]   A defendant's burden in making legal

---

[16]        N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the
Court determines that the moving party has met its burden to demonstrate entitlement to the
relief requested therein, the non-moving party's failure to file or serve any papers as required by
this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be,
unless good cause be shown."); N.D.N.Y. L.R. 7.1(a) (requiring opposition to motion for
summary judgment to contain, *inter alia*, a memorandum of law); *cf.* Fed. R. Civ. P. 56(e)
("When a motion for summary judgment is made and supported as provided in this rule, an
adverse party may not rest upon the mere allegations or denials of the adverse party's pleading,
but the adverse party's *response* . . . must set forth specific facts showing that there is a genuine
issue for trial.  If the adverse party does not so *respond*, summary judgment, if appropriate, shall
be entered against the adverse party.") [emphasis added]; *see*, *e.g.*, *Beers v. GMC*, 97-CV-0482,
1999 U.S. Dist. LEXIS 12285, at *27-31 (N.D.N.Y. March 17, 1999) (McCurn, J.) (deeming
plaintiff's failure, in his opposition papers, to oppose several arguments by defendants in their
motion for summary judgment as consent by plaintiff to the granting of summary judgment for
defendants with regard to the claims that the arguments regarded, under Local Rule 7.1[b][3];
*Devito v. Smithkline Beecham Corp.*, 02-CV-0745, 2004 WL 3691343, at *3 (N.D.N.Y. Nov. 29,
2004) (McCurn, J.) (deeming plaintiff's failure to respond to "aspect" of defendant's motion to
exclude expert testimony as "a concession by plaintiff that the court should exclude [the expert's]
testimony" on that ground).

[17]        *Hernandez v. Nash*, 00-CV-1564, 2003 U.S. Dist. LEXIS 16258, at *7-8
(N.D.N.Y. Sept. 10, 2003) (Sharpe, M.J.) (before a motion to dismiss may be granted under
Local Rule 7.1[b][3], "the court must review the motion to determine whether it is *facially
meritorious*") [emphasis added; citations omitted]; *accord*, *Topliff v. Wal-Mart Stores East LP*,
04-CV-0297, 2007 U.S. Dist. LEXIS 20533, at *28 & n.43 (N.D.N.Y. March 22, 2007) (Lowe,
M.J.); *Hynes v. Kirkpatrick*, 05-CV-0380, 2007 U.S. Dist. LEXIS 24356, at *5-6 & n.2
(N.D.N.Y. March 21, 2007) (Lowe, M.J.); *Sledge v. Kooi*, 04-CV-1311, 2007 U.S. Dist. LEXIS
26583, at *28-29 & n.40 (N.D.N.Y. Feb. 12, 2007) (Lowe, M.J.), *adopted by* 2007 U.S. Dist.
LEXIS 22458 (N.D.N.Y. March 28, 2007) (McAvoy, J.); *Kele v. Pelkey*, 03-CV-0170, 2006 U.S.
Dist. LEXIS 95065, at *5 & n.2 (N.D.N.Y. Dec. 19, 2006) (Lowe, M.J.), *adopted by* 2007 U.S.
Dist. LEXIS 4336 (N.D.N.Y. Jan. 22, 2007) (Kahn, J.).

arguments that are facially meritorious has appropriately been characterized as "modest."[18]

Here, in their cross-motion for summary judgment, Defendants argue that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff has failed to either name or serve the "Jane Doe" Defendant named in his Complaint; (2) Plaintiff has failed to allege facts plausibly suggesting, or adduce evidence establishing, a claim for retaliation, harassment or theft against Defendant Critelli; (3) Plaintiff has failed to allege facts plausibly suggesting, or adduce evidence establishing, a claim for retaliation, harassment or theft against Defendant Lockwood; and (4) Plaintiff has failed to allege facts plausibly suggesting a claim against Defendant Virkler for mishandling his grievances.  (*See generally* Dkt. No. 32, Part 12, at 1-7 [Defs.' Mem. of Law].)  After reviewing these legal arguments, and the undisputed facts upon which they rely, I find that each of these legal arguments is, at the very least, facially meritorious.

Numerous cases exist granting summary judgment against a *pro se* litigant based on a similar facial analysis of Defendants' unopposed motion papers.  *See, e.g., Race Safe Sys. v. Indy Racing League*, 251 F. Supp.2d 1106, 1109-1110 (N.D.N.Y. 2003) (Munson, J.) (reviewing whether record contradicted defendant's arguments, and whether record supported plaintiff's claims, in deciding unopposed motion to dismiss, under Local Rule 7.1[b][3]); *Wilmer v. Torian*, 96-CV-1269, 1997 U.S. Dist. LEXIS 16345, at *2 (N.D.N.Y. Aug. 29, 1997) (Hurd, M.J.) (applying prior version of Rule 7.1[b][3], and recommending dismissal because of plaintiff's

---

[18]         *See Ciaprazi v. Goord*, 02-CV0915, 2005 WL 3531464, at *8 (N.D.N.Y. Dec. 22, 2005) (Sharpe, J.; Peebles, M.J.) (characterizing defendants' threshold burden on a motion for summary judgment as "modest") [citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986)]; *accord*, *Saunders v. Ricks*, 03-CV-0598, 2006 WL 3051792, at *9 & n.60 (N.D.N.Y. Oct. 18, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.), *Smith v. Woods*, 03-CV-0480, 2006 WL 1133247, at *17 & n.109 (N.D.N.Y. Apr. 24, 2006) (Hurd, J., adopting Report-Recommendation of Lowe, M.J.).

failure to respond to motion to dismiss *and* the reasons set forth in defendants' motion papers*)*, *adopted by* 1997 U.S. Dist. LEXIS 16340, at *2 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.); *accord*, *Carter v. Superintendent Montello*, 95-CV-989, 1996 U.S. Dist. LEXIS 15072, at *3 (N.D.N.Y. Aug. 27, 1996) (Hurd, M.J.), *adopted by* 983 F. Supp. 595 (N.D.N.Y. 1996) (Pooler, J.).

For these reasons, I recommend that the Court grant Defendants' cross-motion for summary judgment.

**B.    Alternative Ground for Dismissal of Plaintiff's Complaint**

Because I have already found that an adequate ground exists upon which to base a recommendation that Plaintiff's Complaint be dismissed, I do not believe there is a need to proceed to a more in-depth analysis of Defendants' arguments in favor of dismissal. Furthermore, as stated above in Part I of this Report-Recommendation, I recommend that the Court decline to *sua sponte* conduct such a detailed analysis given the backlog of prisoner civil rights cases on its docket,[19] and the often-conclusory nature of Plaintiff's Complaint and motion papers.  However, in the interest of aiding the Court should it decide to conduct such an analysis, I have subjected Defendants' legal arguments to the more rigorous scrutiny that would be appropriate on a contested motion, and I find that I am persuaded by those legal arguments.

**1.    Claims Against Jane Doe**

Liberally construed, Plaintiff's Complaint alleges that Jane Doe improperly handled or processed Plaintiff's mail at Mid-State C.F. by (1) permitting a letter to Plaintiff containing two photographs to lie open in a facility mail room between April 4, 2005, and April 15, 2005, where

---

[19]    I note that the Second Circuit had, between 2000 and 2005, the longest median time to disposition for prisoner civil rights cases, among the twelve circuits (including the D.C. Circuit)–specifically, 9.8 months, as compared to a national average of 5.7 months.

it was able to be scrutinized by anyone, (2) opening a package to Plaintiff (containing 126 pages

of women's fashion designs that Plaintiff had been working on with his wife) on August 17,

2005, without authorization, and without notifying him of its arrival, and forwarding that

package to the mail room located in Plaintiff's dormitory, and (3) failing to properly stamp or

process a letter of complaint from Plaintiff to the Postmaster General between September 19,

2005, and November 19, 2005.  (Dkt. No. 1, ¶¶ 6, 7 & Ex. A [Plf.'s Compl.].)  The Complaint

further alleges that Jane Doe took this adverse action against Plaintiff in retaliation for Plaintiff's

filing grievances against an unspecified mail room clerk about his mail on April 26, 2005,

September 19, 2005, and November 23, 2005.  (*Id.* at ¶¶ 6, 7 & Exs. A, B, D.)

   As an initial matter, Defendants are correct that Plaintiff's Complaint does not identify

"Jane Doe."  (Dkt. No. 1, ¶ 3.a. [Plf.'s Compl.].)  Granted, Plaintiff attempted to file an Amended

Complaint that, in part, attempted to identify "Jane Doe" as one "T. Kupiec."  (Dkt. No. 6, ¶ 5.)

However, Plaintiff's attempt to file that amended pleading was unsuccessful.  (Dkt. No. 16 [Order

of Judge Scullin, filed 5/17/06].)  Furthermore, Plaintiff did not again attempt to file an amended

pleading identifying "Jane Doe."  (*See generally* Docket Sheet.)  Nor did Plaintiff ever serve his

Complaint on Ms. Kupiec.  (*Id.*)

   Plaintiff had a duty to diligently litigate this action, including a specific duty to name and

serve "Jane Doe."[20]  He failed to fulfill that duty, and has not shown good cause excusing that

failure.  Furthermore, using the balancing test appropriate for a failure-to-prosecute analysis, I

---

   [20]      *See, e.g.,* Fed. R. Civ. P. 41(b); N.D.N.Y. L.R. 41.2(a); Fed. R. Civ. P. 4(m); Fed.
R. Civ. P. 16(e),(f).  (*See also* Dkt. No. 5, at 3 [Order of Magistrate Judge Lowe, filed 2/16/06,
directing Plf. to "take reasonable steps to ascertain the identity of any other individual that
purportedly violated Plaintiff's civil and/or constitutional rights and, if appropriate, file a motion
to amend his complaint and add such individual, by name, as a Defendant to this lawsuit"].)

find that this failure to name and serve has persisted for more than two years; Plaintiff has

certainly had notice of the failure and the consequences of the failure; Ms. Kupiec has been

prejudiced by the failure; and no sanction less drastic than dismissal would be appropriate.

Under the circumstances, Plaintiff's claims against "Jane Doe" should be dismissed under a

variety of authorities.[21]

     However, even if the Court were to overlook Plaintiff's failure to name and serve, and to

review the pleading sufficiency of Plaintiff's claims against Jane Doe, the Court would find that

Plaintiff's factual allegations against Jane Doe do not state a claim upon which relief may be

granted.[22]  Plaintiff's retaliation claims against Jane Doe are often anachronistic in that the

adverse conduct he allegedly experienced often pre-dated his exercise of a constitutionally

protected right, namely, the filing of grievances.  For example, he alleges that Jane Doe

improperly handled his mail in early April of 2005 as a result of a grievance he filed *after* that

time period, which is an obvious impossibility.  As to his non-anachronistic retaliation claims, he

---

[21]     I note that the Court need not issue such an order only upon motion of defense counsel but may do so *sua sponte*.  *See* Fed. R. Civ. 4(m) ("[T]he Court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time."); Fed. R. Civ. 16(f) ("[T]he judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . . .").  Furthermore, with regard to Fed. R. Civ. P. 41(b), which speaks only of a *motion* to dismiss on the referenced grounds, courts retain the "inherent power" to *sua sponte* "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *see also Saylor v. Bastedo*, 623 F.2d 230, 238 (2d Cir. 1980); *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972).  Indeed, Local Rule 41.2(a) recognizes this authority.  *See* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge *shall* order it dismissed.") [emphasis added].

[22]     I note that the Court is authorized to conduct such an analysis of the pleading sufficiency of Plaintiff's claims pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A(b).

alleges no facts plausibly suggesting that the filing of his referenced grievances *caused* Jane Doe to take the adverse action alleged (or that Jane Doe even *knew* of those referenced grievances). A causal link between one's protected speech or activity and the adverse action one experiences is essential to stating a First Amendment retaliation claim under the circumstances.[23]

Similarly, Plaintiff's other claims against Jane Doe–namely, his quasi invasion-of-privacy claim, wrongful-seizure claim, loss-of-property claim, and failure-to-stamp or failure-to-send claim, each occurring under the Fourth, Eighth and/or Fourteenth Amendments–fail in that, at best, the facts he has alleged merely support a claim for *negligence* against Jane Doe, which is not actionable under 42 U.S.C. § 1983.[24]

---

[23]    To prevail on a First Amendment claim under 42 U.S.C. § 1983, a plaintiff must prove by the preponderance of the evidence that: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff–namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action--in other words, that the protected conduct was a "substantial or motivating factor" in the defendants' decision to take action against the plaintiff. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 [2d. Cir. 2001]).

[24]    *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference [for purposes of an Eighth Amendment claim] describes a state of mind more blameworthy than negligence."); *Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting § 1983 claim based on alleged due process violation under Fourteenth Amendment); *Hudson v. Palmer*, 486 U.S. 517, 531 (1984) ("[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee negligently deprives an individual of property . . . ."); *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("Allegations of negligence or innocent mistake are insufficient [to state a claim under the Fourth Amendment]."); *Riddick v. Modeny*, No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials."); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); ("The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability."); *Myers v. Okla. County Bd. of County Com'rs*, 151 F.3d 1313, 1320 (6th Cir. 1998) ("[A]ctions leading to a confrontation,

For these reasons, I recommend that, should the Court decide to conduct a detailed analysis of Plaintiff's claims against Jane Doe, the Court dismiss those claims for (1) failure to name or serve, (2) failure to state a claim upon which relief may be granted, and/or (3) failure to adduce evidence sufficient to create a genuine issue of material fact for trial.

## 2.    Claims Against Defendant Critelli

Liberally construed, Plaintiff's Complaint alleges that Defendant Critelli harassed Plaintiff by (1) searching, and disorganizing the contents of, Plaintiff's "cube" on October 25, 2005, or October 26, 2005, without either "a cube search slip" or "a contraband slip," as required by DOCS policy, and then rejecting Plaintiff's oral complaint about the search, (2) searching, and disorganizing the contents of, Plaintiff's "cube" on November 2, 2005, without either "a cube search slip" or "a contraband slip," as required by DOCS policy, and then rejecting Plaintiff's oral complaint about the search, (3) soliciting another inmate (Ben Crout) to assist him in having Plaintiff transferred to the Mid-State C.F. Special Housing Unit on November 2, 2005, (4) threatening Inmate Crout, on November 7, 2005, not to testify for Plaintiff with regard to Plaintiff's grievance against Defendant Critelli, (5) causing Plaintiff to be transferred to a new dormitory unnecessarily on November 5, 2005, and (6) refusing to let Plaintiff use a "property cart" to transport his property to a new dormitory on November 5, 2005, requiring him to make a trip of more than a mile, up and down stairs, several times.  (Dkt. No. 1,  ¶¶ 6, 7 & Exs. C and F

---

such as the decision to enter the apartment, must be more than merely negligent to be "unreasonable" for purposes of the Fourth Amendment inquiry."); *Madiwale v. Savaiko*, 117 F.3d 1321, 1326 (11th Cir. 1997) ("Negligent or innocent mistakes do not violate the Fourth Amendment."); *Sevier v. City of Lawrence, Kan.*, 60 F.3d 695, 699, n.7 (10th Cir. 1995) ("Mere negligent actions precipitating a confrontation [that was the subject of plaintiff's Fourth Amendment claim] would not, of course, be actionable under § 1983.").

[Plf.'s Compl.].)  The Complaint further alleges that Defendant Critelli took this adverse action against Plaintiff in retaliation for his filing grievances against Defendant Critelli on November 6, 2005, and November 9, 2005.  (*Id.*)

The vast majority of Plaintiff's retaliation claims against Defendant Critelli are anachronistic in that the adverse conduct he allegedly experienced almost always pre-dated his exercise of a constitutionally protected right, namely, the filing of grievances.  For example, he alleges that Defendant Critelli (1) improperly searched his cell on or about October 25, 2005, and November 2, 2005, (2) conspired with Inmate Crout on November 2, 2005, and (3) wrongfully transferred Plaintiff on November 5, 2005–as a result of grievances that Plaintiff filed against Defendant Critelli on November 6, 2005, and November 9, 2005, which is an obvious impossibility.

As to his sole non-anachronistic retaliation claim against Defendant Critelli (namely, that Defendant Critelli threatened Inmate Crout, on November 7, 2005, not to testify for Plaintiff with regard to Plaintiff's grievance against Defendant Critelli on November 6, 2005), I find that Plaintiff has alleged no facts plausibly suggesting, and has adduced no evidence establishing, that Defendant Critelli actually threatened Inmate Crout on November 7, 2005.  For example, conspicuously missing is a factual allegation plausibly suggesting, or a piece of evidence establishing, that Inmate Crout ever stated to Plaintiff (or anyone) that Defendant Critelli engaged in such threatening conduct.  Plaintiff has alleged no facts plausibly suggesting that he had personal knowledge of such conduct on November 7, 2005.  Nor has Plaintiff adduced a sworn statement by Inmate Crout evidencing such conduct on November 7, 2005.  Adverse

action is an essential element of a First Amendment retaliation claim.[25]

Similarly, Plaintiff's other claims against Defendant Critelli–namely, Plaintiff's wrongful-search claim, wrongful transfer claim, and failure-to-provide-a-property-cart claim, each occurring under the Fourth, Eighth and/or Fourteenth Amendments–fail in that the facts he has alleged, and evidence contained in the record, merely support, at best, a claim for *negligence* against Defendant Critelli, which, again, is not actionable under 42 U.S.C. § 1983.[26]  Moreover, I note that the Fourth Amendment's proscription against unreasonable searches does not apply within the confines of a prison cell.[27]  Nor does Plaintiff have an Eighth Amendment right to be housed in the dormitory of his choice in prison.[28]

For these reasons, I recommend that, should the Court decide to conduct a detailed

---

[25]     *See*, *supra*, note 23 of this Report-Recommendation.

[26]     *See*, *supra*, note 24 of this Report-Recommendation.

[27]     *Hudson v. Palmer* 468 U.S. 517, 526 (1984); *see also Tinsley v. Greene*, 95-CV-1765, 1997 WL 160124, at *7 (N.D.N.Y. March 31, 1997) (Pooler, J., adopting Report-Recommendation of Homer, M.J.) ("Searches of prison cells, even arbitrary searches, implicate no protected constitutional rights."); *Demaio v. Mann*, 877 F. Supp. 89, 95 (N.D.N.Y.) (Kaplan, J., sitting by designation) ("Searches of prison cells, even arbitrary searches, implicate no protected constitutional rights."), *aff'd*, 122 F.3d 1055 (2d Cir. 1995).

[28]     *See Gatson v. Coughlin*, 679 F. Supp. 270, 273 (W.D.N.Y. 1988) (granting motion to dismiss inmate's Eighth Amendment claim based on prison transfer that caused him to lose his commissary job because "such transfers, even if proven to be for 'punitive' reasons, are neither unusual nor 'cruel in the constitutional sense'"); *Maguire v. Coughlin*, 901 F. Supp. 101, 104-106 (N.D.N.Y. 1995) (McAvoy, C.J.) (not treating inmate's claim of repeated prison transfers as actionable under the Eighth Amendment); *Arroyo v. Coughlin*, 92-CV-0426, 1993 WL 117529, at *1 (W.D.N.Y. Apr. 13, 1993) (granting motion to dismiss inmate's Eighth Amendment claim based on defendants' refusal to transfer inmate to prison of his choice, because "plaintiff has no constitutional right not to be transferred from one facility to another"); *Persico v. Gunnell*, 560 F. Supp. 1128, 1137 (S.D.N.Y. 1983) (granting motion to dismiss inmate's Eighth Amendment claim based on repeated "punitive" prison transfers because transfers are part of an inmate's sentence and do not constitute "punishment").

analysis of Plaintiff's claims against Defendant Critelli, the Court dismiss those claims for (1) failure to state a claim upon which relief may be granted, and/or (2) failure to adduce evidence sufficient to create a genuine issue of material fact for trial.

### 3.    Claims Against Defendant Lockwood

Liberally construed, Plaintiff's Complaint alleges that Defendant Lockwood harassed Plaintiff by (1) issuing a false misbehavior report against Plaintiff on July 20, 2005, which was dismissed on July 25, 2005, (2) telling Plaintiff, before July 25, 2005, that he did not want Plaintiff in his dormitory, and (3) either stealing or deliberately destroying, on August 17, 2005, the package that had been sent to Plaintiff containing the 126 pages of women's fashion designs mentioned above.  (Dkt. No. 1,  ¶¶ 6, 7 & Exs. C, E, G [Plf.'s Compl.].)  The Complaint further alleges that Defendant Lockwood took this adverse action against Plaintiff in retaliation for his filing grievances against Defendant Lockwood on July 25, 2005, and September 19, 2005.  (*Id.*)

Again, many of Plaintiff's retaliation claims against Defendant Lockwood are anachronistic in that the adverse conduct he allegedly experienced often pre-dated his exercise of a constitutionally protected right, namely, the filing of grievances.  For example, he alleges that Defendant Lockwood filed a false misbehavior report against Plaintiff on July 20, 2005, in retaliation for his filing grievances against Defendant Lockwood on July 25, 2005, and September 19, 2005, which is an obvious impossibility.  Similarly, he alleges that Defendant Lockwood destroyed Plaintiff's package on August 17, 2005, in partial retaliation for his filing a grievance against Defendant Lockwood on September 19, 2005, which is another obvious impossibility.  Moreover, he alleges that Defendant Lockwood told him *before* July 25, 2005, that he did not want Plaintiff in his dormitory, as a result of Plaintiff filing a grievance against

18

Defendant Lockwood on July 25, 2005, which is another obvious impossibility.  (In addition, I note that Defendant Lockwood's alleged statement to Plaintiff is hardly "adverse action," for purposes of the First Amendment.)

As to his sole non-anachronistic retaliation claim against Defendant Lockwood (namely, that Defendant Lockwood destroyed Plaintiff's package on August 17, 2005, in partial retaliation for Plaintiff's filing a misbehavior report against Defendant Lockwood, and Plaintiff's success in having a misbehavior report dismissed, on July 25, 2005), I find that Plaintiff has alleged no facts plausibly suggesting, and has adduced no evidence establishing, that Defendant Lockwood, though having worked in the mailroom of Plaintiff's dormitory on August 17, 2005, *caused* the loss or destruction of Plaintiff's package on that date (or any other date).  Even if Plaintiff had alleged such facts, and adduced such evidence, he has alleged no facts plausibly suggesting, and has adduced no evidence establishing, that the loss or destruction was intentional or criminally reckless, as opposed to merely negligent.  Again, negligence is not actionable under 42 U.S.C. § 1983.[29]

For these reasons, I recommend that, should the Court decide to conduct a detailed analysis of Plaintiff's claims against Defendant Lockwood, the Court dismiss those claims for (1) failure to state a claim upon which relief may be granted, and/or (2) failure to adduce evidence sufficient to create a genuine issue of material fact for trial.

### 4.    Claims Against Defendant Virkler

Liberally construed, Plaintiff's Complaint alleges that Defendant Virkler improperly handled numerous grievances that Plaintiff filed at some point in March of 2005, and on July 25,

---

[29]      *See*, *supra*, note 24 of this Report-Recommendation.

2005, September 5, 2005, and November 6, 2005.  (Dkt. No. 1,  ¶¶ 6, 7 & Exs. D, E, F, G, H

[Plf.'s Compl.].)  More specifically, the Complaint alleges that Defendant Virkler (1) subjected

Plaintiff to retaliation by correctional officers by notifying those officers of Plaintiff's grievances

against them at unidentified times, (2) tried to "coerce" Plaintiff to withdraw his grievances,

and/or falsely stated that Plaintiff had withdrawn his grievances at unidentified times, (3) tried to

"coerce" Inmate Crout, on November 7, 2005, not to testify for Plaintiff with regard to Plaintiff's

grievance against Defendant Critelli, and (4) improperly found for the defendant on each of

Plaintiff's grievances.  (*Id*.)  The Complaint further alleges that Defendant Virkler took this

adverse action against Plaintiff in retaliation against him for filing grievances against Defendant

Virkler on September 19, 2005, October 5, 2005, and November 9, 2005.  (*Id*.)

 Plaintiff's claims against Defendant Virkler are wholly conclusory and, in any event, not

actionable under 42 U.S.C. § 1983.[30]  Plaintiff's claims of retaliation, coercion, wrongful

notification, and bias are wholly conclusory.  Many of his retaliation claims against Defendant

Virkler are plagued by the same anachronistic defect that plagues his retaliation claims against

the other Defendants.  Moreover, except for his allegations about the grievance proceeding on

November 7, 2005, Plaintiff does not specify any dates on which Defendant Virkler committed

any "coercion," nor does Plaintiff identify any correctional officers who were "notified" by

Defendant Virkler of Plaintiff's grievances.  With regard to the proceeding on November 7, 2005,

---

[30] I will set aside the issue of whether Plaintiff appealed any of Defendant Virkler's
decisions sufficient to exhaust his administrative remedies with regard to his claims against
Defendant Virkler, because Defendants do not raise this argument, and because, in order to state
a claim, a plaintiff has no duty to plead facts plausibly suggesting that he has exhausted his
administrative remedies.  *Jones v. Block*, 127 S. Ct. 910, 914-915, 918-923 (2007); *Jenkins v.
Haubert*, 179 F.3d 19, 28-29 (2d Cir. 1999).

Plaintiff does not allege any facts plausibly suggesting how he knew that Inmate Crout had been so "coerced."  Finally, Plaintiff has not alleged facts plausibly suggesting that, on one or more particular dates, Defendant Virkler violated any of the rules or regulations governing the DOCS inmate grievance process.

In any event, even if Plaintiff's above-referenced claims of wrongful-notification were sufficiently specific to give Defendant Virkler fair notice of them for purposes of Fed. R. Civ. P. 8, I am extremely doubtful that those claims would be actionable under 42 U.S.C. § 1983.  (The very idea that a prisoner could proceed on a grievance against a correctional officer without that officer being notified of the charge and the identity of the accuser so that the officer could defend himself would appear to be repugnant to the principle of due process.)  Certainly, Plaintiff's claims that Defendant Virkler improperly processed Plaintiff's grievances, or improperly conducted the grievance procedure, are not actionable under 42 U.S.C. § 1983.[31]

---

[31]     *See Banks v. Ackles*, 93-CV-0727, 1997 WL 116787, at *6 (N.D.N.Y. March 13, 1997) (Pooler, J.) ("[M]ere defects in an inmate grievance system do not violate the Constitution.") [citations omitted]; *Justice v. Coughlin*, 941 F. Supp. 1312, 1316 (N.D.N.Y. 1996) (Pooler, J.) (adopting magistrate judge's report-recommendation finding, in pertinent part, that "mere violations of an inmate grievance system do not violate the Constitution") [citation omitted]; *Ragland v. Abate,* 94-CV-4692, 1995 WL 362411, at *1 (E.D.N.Y. May 31, 1995) ("An inmate grievance procedure is not constitutionally required. . . .  Even if the state chooses to provide a grievance mechanism, a violation of its procedures is not a deprivation of a federal constitutional right.") [citations omitted], *aff'd in pertinent part and vacated in part on other grounds*, 101 F.3d 683 (2d Cir. 1996); *Murray v. Kirkpatrick,* 06-CV-0598, 2007 WL 541986, at *2 (W.D.N.Y. Feb. 13, 2007) ("[P]laintiff does not have a constitutional right to have his grievances processed or to ensure that grievances are processed properly.") [citations omitted]; *Torres v. Mazzuca*, 246 F. Supp.2d 334, 342 (S.D.N.Y. 2003) ("Prison grievance procedures do not confer any substantive right upon an inmate requiring the procedural protections envisioned by the Fourteenth Amendment.") [citations omitted]; *Cancel v. Goord*, 00-CV-2042, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2002) (While there is a First Amendment right of meaningful access to the courts and a right to petition the government for redress, inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983.") [citation omitted]; *Ramos v. Hanslmaier*, 96-CV-0744,

For these reasons, I recommend that, should the Court decide to conduct a detailed analysis of Plaintiff's claims against Virkler, the Court dismiss those claims for failure to state a claim upon which relief may be granted.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's motion for summary judgment (Dkt. No. 27) be **DENIED**; and it is further

**RECOMMENDED** that Defendants Critelli, Lockwood and Virkler's cross-motion for summary judgment (Dkt. No. 32) be **GRANTED**, and that any of Plaintiff's claims against those three Defendants that are not the subject of their motion for summary judgment be **DISMISSED** for failure to state a claim upon which relief might be granted, pursuant to the Court's authority to do so under 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A(b); and it is further

**RECOMMENDED** that Plaintiff's claims against Jane Doe be **DISMISSED** with prejudice due to Plaintiff's failure to name or serve her, or, in the alternative, due to his failure to state a claim upon which relief might be granted, pursuant to the Court's authority to do so under 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A(b); and it is further

**RECOMMENDED** that, in light of the foregoing, Plaintiff's Complaint (Dkt. No. 1) be

---

1998 WL 101750, at *1 (S.D.N.Y. March 6, 1998) ("[An allegation of] indifference to grievances that [plaintiff] had filed with the [correctional] facility . . . does not suggest any basis for inferring that . . . [the action] violated any constitutionally protected rights.") [citations omitted]; *Muhammad v. McMickens*, 86-CV-7376, 1988 WL 7789, at *3 (S.D.N.Y. Jan. 25, 1988) ("Violations of inmate grievances procedures, which are themselves not constitutionally required, do not give rise to a § 1983 claim. . . .  Additionally, plaintiff's allegations do not implicate his right to be free from cruel and unusual punishment provided by the eighth amendment.  While failure to process grievances may cause plaintiff frustration or loss of faith, such conduct is not the kind of 'barbarous' conduct which is 'shocking to the conscience.'") [citations omitted].

**DISMISSED** in its entirety with prejudice; and it is further

      **RECOMMENDED** that the Court certify in writing, for purposes of 28 U.S.C. §

1915(a)(3), that any appeal taken from the Court's final judgment in this action would not be

taken in good faith.

      Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of the

Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)

(citing *Small v. Sec'y of Health and Human Servs*., 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 28, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge